IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COLLUCCI JACKSON MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-849-MHT-KFP |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Collucci Jackson Myers, appearing pro se, has filed an Amended Complaint in this action, alleging Defendant Alabama Department of Transportation ("ALDOT") failed to hire her between 1980 and 1990. Doc. 27. Upon review of the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B)[1], the undersigned hereby withdraws her November 8, 2021 Recommendation (Doc. 22) and submits this new Recommendation pertaining to Plaintiff's new pleading. For the reasons set forth below, the undersigned RECOMMENDS that this case be DISMISSED for failure to state a claim on which relief may be granted.

**I.   PROCEDURAL HISTORY**

Plaintiff initiated this action on October 20, 2020 by filing a Complaint against ALDOT and the State of Alabama Personnel Department ("SPD"). Doc. 1. In May 2021,

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review her pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint proceeding *in forma pauperis* if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief.

both Defendants moved to dismiss the Complaint. Docs. 14, 16. On November 8, 2021, after consideration of Defendants' motions, the undersigned issued a Recommendation recommending that SPD's motion be granted; that ALDOT's motion be construed as a motion for a more definite statement and be granted to that extent; and that Plaintiff be given one opportunity to file an amended complaint to cure the identified pleading deficiencies. Doc. 22.

Before the presiding District Judge ruled on the November 8 Recommendation, Plaintiff voluntarily filed an Amended Complaint on December 17, 2021.[2] Doc. 27. The undersigned accepts Plaintiff's Amended Complaint, hereby making it the operative pleading in this action. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("[A]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.").

## II.   FACTUAL BACKGROUND

On February 25, 2016[3], Plaintiff filed a Charge of Discrimination with the EEOC alleging that, at some point between 1980 and 1990, ALDOT failed to hire her for a

---

[2] Plaintiff first filed a Motion for Extension of Time to respond to the November 8 Recommendation, in which she stated she was "attempting to identify the names of all of the individuals that may have worked for the state of Alabama and may have been involve[d] with the Plaintiff's employment application proceed [sic]." Doc. 25. The Court granted Plaintiff's motion. Doc. 26. However, rather than subsequently filing a response to the Recommendation, Plaintiff instead filed an Amended Complaint.

[3] In addition to her February 2016 EEOC charge, Plaintiff also attached to her Amended Complaint an EEOC charge dated July 1, 2016. Doc. 27-2. However, the Amended Complaint mentions only the February charge, and the subsequent Dismissal and Right to Sue letter the EEOC sent to Plaintiff appears to pertain specifically to the February charge. *See* Doc. 27-1. Regardless, because both charges appear virtually identical, the analysis herein remains unchanged irrespective of whether one or both charges are considered.

2

"clerical" position because of her race.[4] Doc. 27-4. She states that she applied a "[c]ouple times." *Id.* at 4. On August 12, 2020, the EEOC issued Plaintiff a Dismissal and Right to Sue letter. Doc. 27-1. On October 20, 2020 (within the requisite 90-day filing period), Plaintiff initiated this action by filing a standard form Complaint for Employment Discrimination. Doc. 1.

Plaintiff then filed an Amended Complaint on December 17, 2021, which names a single Defendant, ALDOT. Doc. 27 at 2. In her Amended Complaint, Plaintiff makes only a single factual allegation, which is that she "was denied employment from [ALDOT] from a period of time frame 1980 and up to 1990." *Id.* at 2. She believes she was discriminated against based upon her race, African American.[5] As relief, she seeks monetary damages.

---

[4] Generally, an EEOC charge must be filed within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e). However, the parties do not dispute that Plaintiff was a former class member in the decades-long class action *Johnny Reynolds v. The Alabama Department of Transportation*, Case No. 2:85-CV-665 (M.D. Ala.). It appears that all claims asserted by the Hiring Class in that action were tolled until January 6, 2016. *See* Case No. 2:85-CV-665 (M.D. Ala.), Doc. 9149. For purposes of this Recommendation, the Court need not determine which specific claims were asserted by the *Reynolds* Hiring Class.

[5] In the "Claims for Relief" section of the Amended Complaint, Plaintiff vaguely indicates that she seeks relief for discrimination based on her gender as well as her race. Doc. 27 at 3. However, a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quotations and citations omitted). Thus, "[n]o action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." *Thomas v. Miami Dade Pub. Health Trust*, 369 F. App'x 19, 22 (11th Cir. 2010) (citations omitted). To the extent Plaintiff seeks to assert a Title VII claim based on her gender, that claim does not fall within the scope of either her February 2016 or July 2016 EEOC charges. Docs. 27-2, 27-4. Plaintiff made no mention of any gender discrimination in either of those charges. In her February charge, she specifically stated, "I believe I was denied hire because of my race, Black[.]" Doc. 27-4 at 2. In her July charge, she reiterated her belief that her alleged discrimination was based only on race, marking the "Race" box and leaving the "Sex" and "Other" boxes blank. Doc. 27-2 at 2. Accordingly, any claim Plaintiff seeks to bring based on gender discrimination must fail.

### III. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")).

### IV. DISCUSSION

In the November 8 Recommendation, the undersigned recited the legal standard for stating a viable claim under Federal Rule of Civil Procedure 8; described the pleading

deficiencies in Plaintiff's initial Complaint; and discussed what an amended pleading would need to include to satisfy the Rule 8 standard. *See generally* Doc. 22. The Court specifically noted that Plaintiff's single allegation—that, at some point between 1980 and 1990, ALDOT failed to hire Plaintiff because of her race—was insufficient. Plaintiff received the Recommendation and moved for an extension of time to respond, which the Court granted. *See* Docs. 25, 26. Thereafter, Plaintiff voluntarily filed her Amended Complaint.

However, the Amended Complaint fails to cure any of the pleading deficiencies previously identified by the Court. As in her initial Complaint, Plaintiff's Amended Complaint contains virtually no allegations supporting a claim against ALDOT. The Amended Complaint again simply states that, at some point between 1980 and 1990, ALDOT failed to hire Plaintiff based on her race. Doc. 27 at 2. As the Court has already made clear, this single allegation, alone, is far too vague and conclusory to satisfy Rule 8. Plaintiff makes a legal conclusion couched as a factual allegation, omitting any further factual enhancement. *See Iqbal*, 556 U.S. at 678 (citation omitted); *Twombly*, 550 U.S. at 555. Accordingly, there is simply no factual basis for the Court to conclude that ALDOT engaged in any unlawful activity.

As stated by the Court in the November 8 Recommendation, there are two types of actionable discrimination under Title VII: disparate treatment and disparate impact. *Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x 802, 810 (11th Cir. 2015) (citation omitted). Generally, to state a prima facie disparate treatment claim for failure to hire, a plaintiff must show that (1) she was a member of a protected class; (2) she applied and was qualified

5

for a position for which the employer was accepting applications; (3) despite her qualifications, she was not hired; and (4) the position remained open or was filled by another person outside of her protected class. *See id.* (citing *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *Summerlin v. M&H Valve Co.*, 167 F. App'x 93, 94 (11th Cir. 2006). Although a Title VII complaint need not allege facts sufficient to make out a classic prima facie case under *McDonnell-Douglas*, "it must provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Id.* (citation omitted). In the Amended Complaint, Plaintiff does not make clear whether she was qualified for the position for which she applied; whether ALDOT was accepting applications at that time; or whether, after she was not hired, the position remained open or was filled by another person not within her protected class. She also alleges no facts that suggest that any intentional discrimination occurred.

To state a prima facie disparate impact claim, a plaintiff must demonstrate (1) a specific, facially-neutral employment practice; (2) a significant statistical disparity in the racial composition of employees benefitting from the practice and those qualified to benefit from the practice; and (3) a causal nexus between the practice identified and the statistical disparity. *Lee v. Florida, Dept. of Children & Family Servs.*, 135 F. App'x 202, 204 (11th Cir. 2005) (citing *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1274 (11th Cir. 2000)). The Amended Complaint fails to allege a facially-neutral employment practice, any statistical disparity in the racial composition of ALDOT's employees, or facts supporting

6

a causal nexus. Thus, the Amended Complaint, like the initial Complaint, fails to state a discrimination claim against ALDOT under either disparate treatment or disparate impact.[6]

Generally, a pro se plaintiff should be given one opportunity to amend her pleading before the Court dismisses the action for failure to state a claim. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (holding that, prior to "dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies'") (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). However, "a district court may properly deny leave to amend the complaint . . . when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004).

Here, Plaintiff was given an opportunity to amend after being notified of the shortcomings in her initial Complaint. Plaintiff acknowledges receiving notice of these shortcomings, and she appears to have understood them, as she specifically stated that, prior to filing her Amended Complaint, she attempted to "identify the names of all of the individuals that may have worked for the state of Alabama and may have been involve[d] with the Plaintiff's employment application proceed [sic]." Doc. 25 at 1. However, as noted above, the Amended Complaint contains no allegations pertaining to any specific

---

[6] The Amended Complaint purports to state both Title VII claims as well as a claim for deliberate indifference under 42 U.S.C. § 1983. Doc. 27 at 4. Not only does Plaintiff fail to assert *any* facts to support a § 1983 deliberate indifference claim, but any such claim is also barred by the two-year period of limitations applicable to § 1983 actions filed in this Court. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."); *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc) (providing that § 1983 claims brought in Alabama are governed by a two-year limitations period).

individuals, and it fails to substantively improve upon the initial Complaint. Given that Plaintiff apparently has no knowledge of any particular discriminatory conduct directed against her and is unable to identify any individuals who may have discriminated against her (or how they did so), the undersigned finds that any further amendments would be futile.

## V.   CONCLUSION

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

It is further ORDERED that:

1. The undersigned's November 8, 2021 Recommendation (Doc. 22) is WITHDRAWN.

2. On or before **March 2, 2022**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Corp. v.*

*Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 16th day of February, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE