IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| COLLUCCI JACKSON MYERS,    ) | |
| )  | |
| Plaintiff,           ) | |
| )  | CIVIL ACTION NO. |
| v.                    ) | 2:20cv849-MHT |
| )  | (WO) |
| ALABAMA DEPARTMENT OF      ) | |
| TRANSPORTATION and STATE   ) | |
| OF ALABAMA PERSONNEL       ) | |
| DEPARTMENT,                ) | |
| )  | |
| Defendants.         ) | |

## OPINION

Plaintiff filed this employment-discrimination lawsuit asserting that she was not hired for clerical positions with the Alabama Department of Transportation in 1980 through 1990 due to race and color. She later filed an amended complaint that asserts that she also was discriminated against due to her gender. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed for failure to state a claim upon which relief can be granted. In the report and

recommendation, the magistrate judge also finds that granting plaintiff leave to amend the complaint again would be futile because "Plaintiff apparently has no knowledge of any particular discriminatory conduct directed against her and is unable to identify any individuals who may have discriminated against her (or how they did so)." Report and Recommendation (Doc. 29) at 8.

Also before the court is plaintiff's motion for leave to file a second amended complaint, which was filed on the deadline set for filing objections to the recommendation. The court construes the motion as also containing her objections to the recommendation. In the motion/objections, the plaintiff admits that she does not have the information that she needs to amend the complaint at this time and places the blame for her lack of information on the Equal Employment Opportunity Commission, which she assumes has the information she needs to prosecute this action and which she complains

provided her only a notice of right to sue. *See Plaintiff's Motion for Leave to File a Second Amended Complaint* (Doc. 34). She also requests at least 90 days to file a second amended complaint and asks the court to order the EEOC to turn over the relevant records to her.

After an independent and de novo review of the record, the court concludes that plaintiff's objections should be overruled, the magistrate judge's recommendation adopted, and plaintiff's motion for leave to amend denied. Under the Federal Rules of Civil Procedure, a plaintiff is required to include in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff generally must satisfy this burden *before* discovery proceeds. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir.

3

1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins."). Here, plaintiff admittedly does not have the necessary facts at her disposal to amend the complaint successfully and seeks the court's assistance in obtaining those facts from the EEOC. However, the EEOC may not have the information she needs either--especially given the decades that have passed since the alleged discrimination. Moreover, even assuming the EEOC might have some relevant information, plaintiff has not shown that she is legally entitled to any records in the EEOC's possession, or, more importantly, that the court has the authority at this stage of the proceeding to order discovery of those records from the EEOC--in particular, when the request is essentially a fishing expedition. *See id*. Therefore, the court will not grant discovery, and her motion for leave to amend the

4

complaint will be denied as futile.  *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("a district court may properly deny leave to amend the complaint ... when such amendment would be futile.").

An appropriate judgment will be entered.

DONE, this the 18th day of April, 2022.

                              /s/ Myron H. Thompson
                        **UNITED STATES DISTRICT JUDGE**